# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GLENDA J. LAWSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1156** (BOR Appeal No. 2048397)
                    (Claim No. 2011028775)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Glenda J. Lawson, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2013, in which the Board affirmed an April 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 15, 2011, decision, which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lawson, a clerical worker, alleges that she developed bilateral carpal tunnel syndrome and trigger fingers in the course of her employment. Gregg O'Malley, M.D., identified Ms. Lawson injured her right long finger and long thumb in a December 16, 2010, Report of Injury. On August 12, 2011, Steven Miller, M.D., performed an independent medical evaluation in which Ms. Lawson reported that her principle pain was in the left wrist and thumb. She reported loss of grip strength, numbness, tingling, and mild swelling all predominantly in the left wrist. She also reported a work-related injury in June of 2005 when an elevator door accidently shut on her left wrist. She stated that she has undergone multiple trigger finger releases as well as

1

bilateral carpal tunnel syndrome releases. Dr. Miller noted that she has type II diabetes and hypothyroidism. She had positive Tinel sign on the left wrist but not the right. Dr. Miller opined that she was now experiencing the consequences of her past surgeries and injuries to the left hand/wrist/fingers. He found no current triggering problems in the fingers. In a MES Quick Sheet, Dr. Miller diagnosed recurrent left carpal tunnel syndrome and residuals of joint injuries of the left hand. He indicated the joint residuals were work-related but did not state that the carpal tunnel syndrome was occupationally induced. The claims administrator rejected the claim on September 15, 2011.

On June 12, 2012, Ms. Lawson testified in a deposition that she worked as a nursing assistant for the first ten years of her employment and then became a clerk. As a nursing assistant she had to move patients, make beds, bathe patients, and lift patients. She developed hand pain in the first five years that she worked as a nursing assistant, was diagnosed with bilateral carpal tunnel syndrome, and underwent surgery. She did not file a workers' compensation claim for the condition. After she became a clerk, she completed paper work, computer work, filled up binders, and stocked paper. Her pain increased with her new position. Her right wrist and hand bothered her more than the left while she was working as a clerk. She also stated that she has been diagnosed with diabetes, hypothyroidism, and obesity.

ChaunFang Jin, M.D., performed an independent medical evaluation on November 26, 2012, in which she listed her impressions as history of bilateral trigger fingers, status post trigger finger release bilaterally involving all digits, history of carpal tunnel syndrome with bilateral carpal tunnel syndrome release in the 1980s, left de Quervain syndrome with surgical release, history of avascual necrosis of the left wrist with surgical treatment, type II diabetes, and hypothyroidism with thyroid replacement treatment. Dr. Jin opined that Ms. Lawson's conditions were unrelated to her employment. She noted that clerical employment has been repeatedly found in epidemiologic studies and medical literature to not be a risk factor for the development of carpal tunnel syndrome and/or tendinitis. Dr. Jin stated that Ms. Lawson's hand problems are likely related to her general medical condition, diabetes, and history of carpal tunnel syndrome.

The Office of Judges affirmed the claims administrator's decision in its April 26, 2013, Order. It found that Ms. Lawson has a long history of medical problems involving both upper extremities. While working as a nursing assistant, she developed carpal tunnel syndrome severe enough to require surgery. In 2005, she suffered a compensable left hand injury in which she was diagnosed with avascular necrosis which required surgery. On June 11, 2005, she suffered a compensable right third finger sprain/strain. On August 24, 2006, Dr. O'Malley diagnosed a new work-related injury due to overuse. He diagnosed right long finger trigger finger and right trigger thumb. Ms. Lawson was treated with cortisone injections and then trigger finger release surgery of all fingers on both the right and left hands. She also underwent decompression of the left de Quervain's. The Office of Judges noted that it is unknown if the left trigger finger and thumb release and the left de Quervain's were covered under a workers' compensation claim. The Office of Judges also noted that Ms. Lawson's 2006 claim ended in a full and final settlement agreement on December 18, 2009.

The Office of Judges found that Ms. Lawson relied on Drs. O'Malley and Miller to establish her claim. In regard to Dr. Miller, the Office of Judges discovered that he listed the diagnoses of recurrent left carpal tunnel syndrome and residuals of left joint injuries on a MES Quick Sheet. In his independent medical evaluation, he concentrated mainly on the left hand and listed Ms. Lawson's chief complaint as left wrist and hand pain. He found that she had no active or passive triggering of the fingers. The Office of Judges concluded that Dr. Miller's findings do not support the diagnoses set forth on the application for benefits. Further, Dr. Miller concluded that her symptoms and complaints appeared to be a reoccurrence of her previous symptoms because she had prior carpal tunnel syndrome surgery. The Office of Judges noted that Ms. Lawson's carpal tunnel syndrome surgery occurred in the 1980s at which time she was a nursing assistant with different duties than those she had as a clerk when she filed the subject application.

In regard to Dr. O'Malley's opinion, the Office of Judges determined that he referred to the chronic and long-term nature of Ms. Lawson's trigger finger issues in a February 14, 2008, report. For the 2006 claim, Dr. O'Malley opined that her complaints were work-related; however, he failed to support his conclusion with objective medical evidence. The Office of Judges noted that the employee's and physician's report of injury indicates that the condition is the direct result of an occupational disease; however, Ms. Lawson filled out that section of the report. The Office of Judges therefore found that it was questionable whether Dr. O'Malley is actually of the opinion that her current condition is the result of her employment duties.

The Office of Judges determined that Ms. Lawson's job duties do not fall within the list of occupations considered at high risk for the development of carpal tunnel syndrome listed in West Virginia Code of State Rules § 85-20-41.5 (2006). Additionally, though she performed repetitive tasks, those tasks did not require high force repetitive manual movements, awkward wrist positioning, significant grip strength, or the use of vibratory tools as contemplated by West Virginia Code of State Rules § 85-20-41.5. Finally, the record shows that she suffers from several conditions that frequently produce or contribute to carpal tunnel syndrome listed in West Virginia Code of State Rules § 85-20-41.4 (2006), including hypothyroidism and diabetes.

The Office of Judges found that Dr. Jin thoroughly explained the basis for her conclusion that Ms. Lawson's conditions are not the result of her employment duties. Significantly, she stated that Ms. Lawson ceased working in 2009 and the fact that she is currently experiencing trigger finger suggests that the condition was likely not work-related. Trigger finger would not be expected to reoccur or worsen a few years after cessation of exposure. Dr. Jin also noted that epidemiologic studies consistently show that clerical work is not a risk factor for the development of disorders such as trigger fingers, tendinitis, and/or carpal tunnel syndrome. The Office of Judges ultimately concluded that Dr. Jin's report was the most persuasive of record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 25, 2011, decision. On appeal, Ms. Lawson argues that she worked for West Virginia United Health System for forty-one years performing repetitive tasks sufficient to cause carpal tunnel syndrome and trigger fingers. Further, her pre-existing conditions of diabetes and hypothyroidism were not the cause of the conditions. West

3

Virginia United Health System asserts, per Dr. Jin's report, that Ms. Lawson's job duties are not such that she is at higher risk for carpal tunnel syndrome. Further, she has diabetes and hypothyroidism, two conditions shown to cause a higher incident of the development of carpal tunnel syndrome. Also, Ms. Lawson's conditions have existed since the 1980s, at which time she was a nurse's assistant with completely different job duties than she had when she filed the subject claim. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Lawson's current complaints are the result of pre-existing conditions and not her occupational clerical duties.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II